## BUFFALO ENGINEERING CO. v. WELCH et al.

### No. 10782.

Court of Civil Appeals of Texas. Dallas.
June 10, 1933.

Austin S. Dodd and Pat S. Russell, both of Dallas, for relator.

L. W. & B. D. Shepperd and C. W. Brown, all of Groesbeck, for respondents.

BOND, Justice.

Respondents prosecuted to this court an appeal from a temporary writ of injunction, issued by Honorable Paine L. Bush, judge of the county court of Dallas county at law, restraining them from proceeding in a cause pending in the district court of Limestone county, instituted by respondent W. L. Welch as plaintiff, against the relator, Buffalo Engineering Company, as defendant; being thus prevented from prosecuting his pending suit, respondent Welch instituted another suit in Limestone county, and secured a temporary writ of injunction from the Honorable H. F. Kirby, judge of the Limestone county district court, restraining the relator and the Dallas county judge from proceeding to trial in the suit filed in Dallas county. The two suits, one in Dallas and the other in Limestone county, grew out of the same written contract executed by the parties.

The matter now before this court is an original proceedings by petition, seeking the preservation of this court's jurisdictional powers over the appeal now pending, as well as the subject-matter of the appeal, so that the pronouncement of the judgment of this court on appeal may become effective, and to that end request that a writ of prohibition issue, staying the proceedings in Limestone county district court, and seeking a writ of mandamus to compel the Dallas county court to proceed with the trial of the cause pending in said court.

■ The injunction issued by the Dallas county court at law, by virtue of such appeal, is now the injunction of this court, and the jurisdiction of this court attaches to all matters to preserve the subject-matter of the appeal; so long as that jurisdiction remains, it is exclusive and cannot be trenched upon by any other tribunal.

■ The jurisdiction of our Courts of Civil Appeals is fixed by the Constitution (article 5, § 6) and by statutes enacted in conformity therewith (see Vernon's Ann. Civ. St. art. 1819 et seq.). The power given such courts is to review orders, or judgments of inferior courts, on duly prosecuted appeals from the court entering such judgment, or granting the order, and original jurisdiction over matters not involved here. The order of the Dallas county court, granting the injunction, was appealable only to this court, and its jurisdiction, when thus invoked, is exclusive; on the other hand, orders of the Limestone county district court could only be appealed to the Waco Court of Civil Appeals, that court having jurisdiction of orders or judgments from the inferior courts of Limestone county. This court has no original jurisdiction over the orders of said courts, unless such orders have for the purpose to, or if their execution would, annul or impair the subject-matter of a case appealed to this court, or would interfere with its jurisdictional powers.

■■ The order of the district court apparently recognizes the comity existing among judges and courts having concurrent jurisdiction, in declaring the subject-matter of the injunction to remain in status quo pending the pronouncement of this court on the appeal. Thus, in the light of the record and the interpretation we place upon the declaration of the Limestone county district judge, and the admission of respondents' attorney in harmony therewith, we fail to see the necessity for a restraining writ by this court, directed to the said district judge in reference to the suit there pending.

The record discloses that Judge Bush does not refuse to proceed with the trial of the cause pending in the Dallas county court, but is prevented from doing so by the writ of injunction issued by the Limestone county district court; thus a writ of mandamus is not available, and we cannot assume that Judge Kirby will trench upon the jurisdiction of this court, or attempt to nullify or impair the subject-matter of this appeal; thus the writ of prohibition is not available.

■ The trial of the appeal may demonstrate the contention of the relator that the Dallas county court was authorized to issue the injunction to restrain proceedings in the district court of Limestone county is groundless, but for the purpose of this proceedings we must assume the injunction was authorized, in view of the fact that the judge so declared. The injunction proceeding in Limestone county was evidently provoked by the injunction proceeding instituted in Dallas county, and the result of both writs stays the hand of litigants from proceeding in either case. Such stalemate proceeding is evidently due to the ambition of the litigants to acquire jurisdiction over the person and subject-matter of their respective suits in the

domicile of their residence, rather than to await action on the more orderly process of pleas in abatement, which are ever available to test the priority of the jurisdiction of courts entertaining suits growing out of the same transaction.

It is therefore the opinion of this court that, regardless of whether, in the final determination of the appeal, the injunction granted by Judge Bush was legally, erroneously, or improvidently granted, we are not authorized, from the disclosures in the record, to grant the writs herein sought by relator, and same are refused.