# NO. 12-09-00289-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: BETH CARROLL BAILEY,* | § | |
| *INDEPENDENT EXECUTRIX OF* | | |
| *THE ESTATE OF* | § | *ORIGINAL PROCEEDING* |
| *KEVIN RAY BAILEY, DECEASED* | | |
| *RELATOR* | § | |

### *OPINION*

In this original proceeding, Beth Carroll Bailey, Independent Executrix of the Estate of Kevin Ray Bailey, deceased (Relator), seeks a writ of prohibition preventing the trial court from compelling her to file an accounting with the court pursuant to Texas Probate Code section 149A.[1]  Respondent signed an order August 14, 2009 compelling Relator to file the accounting on or before September 25, 2009.  Along with her petition for writ of prohibition, Relator filed a motion requesting an emergency stay of the August 14, 2009 order.  We deny the petition for writ of prohibition and dismiss the motion for emergency stay as moot.

### BACKGROUND

Kevin Ray Bailey (Bailey) died testate on November 19, 2006.  At the time of his death, he was married to Relator.  He left a will in which he identified Relator as his wife and stated that he had no children.  The will provided that if Relator survived him, he gave, devised, and bequeathed to her "all of [his] estate of whatsoever kind and wheresoever situated. . . ."  The will further provided that any of his property which was not disposed of under any other provision of the will "shall go and be distributed

---

[1] The respondent is the Honorable D. Matt Livingston, Judge of the County Court at Law, Henderson County, Texas.  The real parties in interest are Lisa Warren, guardian of the estate of Christian Matthew Warren, a minor, and Keith Lee Bailey Hodges.

to my heirs-at-law." Relator was named in the will as independent executrix of Bailey's estate. On January 22, 2007, the will was admitted to probate and Relator was appointed as independent executrix.

Subsequently, Lisa Warren, as guardian of the estate of Christian Matthew Warren, a minor, sued Relator in the probate proceeding, and Keith Lee Bailey Hodges intervened. Hodges was born on August 9, 1984, and Christian Matthew Warren (Warren) was born on July 15, 2003. Each is Bailey's biological child. Lisa Warren, in her representative capacity, and Hodges each filed a motion for summary judgment seeking a determination that Warren and Hodges, respectively, are pretermitted children of Bailey. The trial court granted both summary judgment motions and issued a judgment dated August 6, 2009 stating that both Warren and Hodges are pretermitted children of Bailey. The judgment further provides that Warren and Hodges are each entitled to one-half of Bailey's interest in the community estate and one-third of Bailey's separate property, subject to Relator's life estate. The judgment also orders severance of the pretermitted child issues to allow Relator to move forward with an appeal and to allow the trial court to exercise its oversight of the remaining estate proceedings pending that appeal. Relator filed a notice of appeal from that order on September 8, 2009.

On July 6, 2009, Hodges filed a motion to compel Relator to provide an accounting pursuant to Texas Probate Code section 149A. In his motion, Hodges alleged that, on April 13, 2009, both Lisa Warren and Hodges filed a petition for an accounting from Relator. He further alleged that the petition was granted, that the accounting was ordered to be filed on or before July 14, 2009, and that Relator had provided a response that was deficient. Accordingly, Hodges sought an order compelling Relator "to immediately provide an accounting in accordance with [section 149A]. . . ." On August 14, 2009, Respondent signed an order (the order) granting Hodges's motion to compel an accounting and requiring Relator to file the accounting on or before September 25, 2009. Relator filed a motion to stay the order, which Respondent denied. Relator filed a notice of appeal from the order on September 10, 2009. This original proceeding and the accompanying motion for emergency relief were filed on September 15, 2009.

## NATURE OF THE WRIT

A writ of prohibition in an appellate court is a creature of limited purpose. *In re Lewis*, 223

2

S.W.3d 756, 761 (Tex. App.–Texarkana 2007, orig. proceeding). A writ of prohibition is used to protect the subject matter of an appeal or to prohibit an unlawful interference with enforcement of a superior court's order and judgments. *Sivley v. Sivley*, 972 S.W.2d 850, 863-64 (Tex. App.–Tyler 1998, orig. proceeding) (combined appeal and original proceeding). As pertinent here, a writ of prohibition will issue to prevent a lower court from interfering with a higher court in deciding a pending appeal. *Id.* at 864. Prohibition is not appropriate if any other remedy such as appeal is available and adequate. *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 404 (Tex. App.–Tyler 2006, orig. proceeding).

Because prohibition is an extraordinary proceeding, it should be used with great caution. *See In re State*, 180 S.W.3d 423, 425 (Tex. App.–Tyler 2005, orig. proceeding); *Smith v. Grievance Committee, State Bar of Tex. of Dist. 14-A*, 475 S.W.2d 396, 399 (Tex. Civ. App.–Corpus Christi 1972, orig. proceeding). The threat of jurisdictional interference must be real before a petition for a writ of prohibition will be granted. *In re Castle Tex. Prod.*, 189 S.W.3d at 403. The writ will not issue to protect an appellate court's jurisdiction from the mere possibility of interference by a lower court. *Id.* We will not assume that a trial judge will "trench upon the jurisdiction of this court or attempt to nullify or impair the subject-matter of [an] appeal." *See Buffalo Eng'g Co. v. Welch*, 61 S.W.2d 855, 856 (Tex. Civ. App.–Dallas 1933, no writ).

## AVAILABILITY OF PROHIBITION

Relator urges that she has already filed an accounting that comports with the requirements of section 149A. She further points out that, in her pending appeal,[2] she urges that Hodges and Lisa Warren lack standing to request an accounting. If the standing issue is resolved in Relator's favor, her argument continues, "the preparation of an accounting pursuant to their request and on the trial court's order will have been an exercise in futility for Relator [], resulting in a waste of estate resources." Accordingly, she requests that we issue a writ of prohibition "restraining Respondent from compelling Relator to file an accounting at this time." Standing alone, these allegations do not support issuance of a writ of prohibition. This is because a writ of prohibition will not issue absent a real threat of interference with

---

[2] Both notices of appeal were docketed as appellate cause number 12-09-00277-CV.

the jurisdiction of this court. *In re Castle Tex. Prod.*, 189 S.W.3d at 403. Therefore, we construe Relator's petition as a request for a writ of prohibition preventing the enforcement of the order compelling the accounting.

**Appeal by Independent Executrix**. The filing of a notice of appeal does not suspend enforcement of the judgment. TEX. R. APP. P. 25.1(g). Enforcement of the judgment may proceed unless (1) the judgment is superseded in accordance with Texas Rule of Appellate Procedure 24 or (2) the appellant is entitled to supersede the judgment without security by filing a notice of appeal. *Id.* Here, Relator has appealed the order in her capacity as independent executrix of Bailey's estate. "When an appeal is taken by an executor or administrator, no bond shall be required, unless such appeal personally concerns [her], in which case [s]he must give the bond." TEX. PROB. CODE ANN. § 29 (Vernon 2003). The outcome of the appeal to determine whether the trial court erred in compelling the accounting does not "personally concern" Relator. *See In re Shore*, 106 S.W.3d 817, 820-21 (Tex. App.–Texarkana 2003, orig. proceeding). Therefore, she is entitled to supersede the appealed order by merely filing a notice of appeal. *See* TEX. R. APP. P. 25.1(g)(2). Consequently, enforcement of the order is suspended during the pendency of the appeal. *See* TEX. R. APP. P. 25.1(g)(2).

**Enforcement of Unsuperseded Judgment**. Even if the outcome of the appeal "personally concern[ed]" Relator, she could prevent enforcement of the order by filing the amount and type of security set by the trial court. *See* TEX. R. APP. P. 24.2(3), 25.1(g)(1). If the order was not superseded, either the trial court or this court could entertain a motion for contempt to enforce the order.[3] *See In re Sheshtawy*, 154 S.W.3d 114, 124-25 (Tex. 2004); *In re Crow-Billingsley Air Park*, 98 S.W.3d 178, 179 (Tex. 2003). In such an instance, we still retain "the overarching power" to grant such writs as may be necessary to enforce or protect this court's jurisdiction over a pending appeal, and preserve the subject matter of the appeal. *In re Sheshtawy*, 154 S.W.3d at 124; *see also* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004). The subject matter of the appeal from the order addressed here is whether the trial court

_____

[3] The violation of a written order outside of the court's presence is constructive contempt. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995). In cases involving constructive contempt, the alleged contemnor must receive notice of the charges and an opportunity to defend against them. *In re Acceptance Ins. Co.*, 33 S.W.3d 443, 449 (Tex. App.–Fort Worth 2000, orig. proceeding).

erred in granting Hodges's motion to compel the accounting. If we ultimately conclude the motion was erroneously granted, our judgment would be of no effect if the trial court had already enforced the order. Therefore, the appeal would be moot. *See **Pinnacle Gas Treating, Inc. v. Read***, 104 S.W.3d 544, 545 (Tex. 2003) (appeal becomes moot when appellate court's actions cannot affect rights of parties); ***Swank v. Sharp***, 358 S.W.2d 950, 951 (Tex. Civ. App.–Dallas 1962, no writ) (appeal becomes moot when appellate court's judgment cannot have any practical legal effect upon a then existing controversy). This court's writ power can be exercised to prevent an appeal from becoming moot, thereby preserving the subject matter of the appeal. *See **Pendleton Green Assocs. v. Anchor Sav. Bank***, 520 S.W.2d 579, 580 (Tex. Civ. App.–Corpus Christi 1975, no writ).

**Relator's Allegations**. As previously stated, a writ of prohibition will not issue absent a real threat of interference with the jurisdiction of this court. ***In re Castle Tex. Prod.***, 189 S.W.3d at 403. Relator has not alleged that Respondent has threatened to enforce the order if she fails to file the accounting, and we have no reason to believe that he will do so. Because Relator has not shown the requisite threat of interference with our jurisdiction, she has not shown that she is entitled to the requested relief.

## DISPOSITION

Because Relator has not shown she is entitled to the requested relief, her petition for writ of prohibition is ***denied***, and the motion for temporary stay is ***dismissed as moot***.

                                      **SAM GRIFFITH**
                                           Justice

Opinion delivered September 22, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)