Petition for Writ of Prohibition
Denied and Memorandum Opinion filed November 5, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00908-CV

____________

 

IN RE J.A. (“JAY”) ASAFI, AS INDEPENDENT
ADMINISTRATOR OF THE ESTATE OF ALOSIA SMITH RAUSCHER, Deceased, and TODD REAGAN
SMITH, Relators

 

 

 



ORIGINAL PROCEEDING

WRIT OF PROHIBITION

 

 

 



M E M O R
A N D U M   O P I N I O N

            Relators, J.A. (“Jay”) Asafi, as Independent Administrator of
The Estate of Alosia Smith Rauscher, Deceased, and Todd Reagan Smith, filed a
petition for writ of prohibition in this court. See Tex. Gov’t Code Ann
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.1. We have pending a
related appeal, filed under our number 14-09-00800-CV, of three partial summary
judgment orders in the underlying case, styled In the Estate of Alosia Smith
Rauscher, Deceased, filed in the Harris County Probate Court No. 2, under
cause number 381,121. In their petition, relators ask this court to stay all
proceedings in the trial court until final resolution of the appeal. Relators
have also filed a request for temporary relief asking this court to stay all
proceedings below pending resolution of this petition. See Tex. R. App.
P. 52.10. 

            Relators
have not established that the interlocutory orders that they challenge may be
appealed.[1] Generally, appeals may be taken only from final judgments. Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Probate proceedings are
an exception to the “one final judgment” rule; in such cases, multiple
judgments may be final for purposes of appeal on certain discrete issues. Id.
at 192. 

The supreme court has adopted the following test for determining the finality
of orders in probate cases:

[i]f there is an express statute, such as the one for
the complete heirship judgment, declaring the phase of the probate proceedings
to be final and appealable, that statute controls. Otherwise, if there is a
proceeding of which the order in question may logically be considered a part,
but one or more pleadings also part of that proceeding raise issues or parties
not disposed of, then the probate order is interlocutory.

 

Crowson v.
Wakeham, 897 S.W.2d
779, 783 (Tex. 1995). To be considered final, the order must dispose of all
issues in the “phase of the proceeding” for which it was brought. De Ayala
v. Mackie, 193 S.W.3d 575, 578 (Tex. 2006). Relators have not established
that the orders they have attempted to appeal satisfy this test for finality
for purposes of appeal.

            A
writ of prohibition is used to protect the subject matter of an appeal or to
prohibit an unlawful interference with enforcement of a superior court’s order
and judgments. Sivley v. Sivley, 972 S.W.2d 850, 863-64 (Tex. App.—Tyler
1998, orig. proceeding). The writ is designed to operate like an injunction
issued by a superior court to control, limit, or prevent action in a court of
inferior jurisdiction. Holloway v. Fifth Court of Appeals, 767 S.W.2d
680, 682 (Tex. 1989). The same principles control both a writ of prohibition
and writ of mandamus when used to correct the unlawful assumption of jurisdiction
by an inferior court. Tilton v. Marshall, 925 S.W.2d 672, 676 n. 4 (Tex.
1996).

Even if relators had established that the underlying orders are subject
to appeal, they have not demonstrated that continued action by the probate
court would moot our appeal or otherwise destroy our jurisdiction. See In re
Bailey, No. 12-09-00289-CV, 2009 WL 3000606, * 3 (Tex. App.—Tyler Sept. 22,
2009, orig. proceeding) (denying writ of prohibition to compel estate
accounting where requisite threat to interference with appellate jurisdiction
not shown).

Relators have not established that they are entitled to the
extraordinary writ. Accordingly, the petition for writ of prohibition and
request for temporary relief are denied.

 

                                                            PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Sullivan. 









[1]  Relators failed to file a record or appendix with
their petition. See Tex. R. App. P. 52.3(k); 52.7