# NO. 12-09-00165-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

§

| | | |
|---|---|---|
| *IN RE: DEREK BARBEE, GUARDIAN* | | |
| *OF THE PERSON AND ESTATE* | § | *ORIGINAL PROCEEDING* |
| *OF RICKY BARBEE, RELATOR* | | |
| | § | |

## MEMORANDUM OPINION

In this original proceeding, Relator Derek Barbee, guardian of the person and estate of Ricky Barbee, seeks three extraordinary remedies: (1) a writ of mandamus directing the trial court to vacate a protective order Derek contends is void; (2) a writ of prohibition preventing the trial court from proceeding on a motion filed by Tammy Barbee requesting temporary orders pending appeal; and (3) a writ of injunction enjoining Tammy from spending certain funds released to her from her attorney's trust account and requiring Tammy to deposit those funds into the registry designated by this court.[1] We deny the petition.

## BACKGROUND

This proceeding arises out of a divorce case between Tammy and Ricky Barbee. Ricky is incapacitated. Tammy was appointed guardian of Ricky's person and estate on February 19, 1997. She filed for divorce on July 18, 2008. Approximately three months later, Tammy filed an application for a protective order alleging family violence. The trial court entered an ex parte protective order, and Derek Barbee, Ricky's son, was appointed successor guardian of Ricky's person and estate.

The trial court signed a final decree of divorce and a separate final protective order. Derek appealed both orders. A week later, Tammy filed a motion for temporary orders pending appeal. Shortly thereafter, Derek filed this original proceeding. He also filed a motion for an emergency stay, which was granted.

---

[1] The respondent is the Honorable Charles Mitchell, Judge of the 273rd Judicial District Court, Shelby County, Texas. The real party in interest is Tammy Barbee.

## THE PROTECTIVE ORDER

Derek seeks a writ of mandamus directing the trial court to vacate the final protective order signed on the same date as the final decree of divorce. Tammy filed an application for a protective order during the pendency of the divorce, and the trial court issued a temporary ex parte protective order. The hearing on the final protective order was not conducted until the trial on the merits, almost six months after Tammy filed the application. Derek asserts that the trial court's failure to conduct a hearing on Tammy's application within the time prescribed by family code section 84.001(a) rendered the final protective order void.

### Availability of Mandamus

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker*, 827 S.W.2d at 839-40. When a party establishes that the trial court rendered a void order, he is entitled to mandamus relief without a showing that appeal is an inadequate remedy. *See In re Sw. Bell. Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000); *In re Union Pac. Resources, Co.*, 969 S.W.2d 427, 428 (Tex. 1998). An order is void when a court has no power or jurisdiction to render it. *Urbish v. 127th Judicial Dist. Ct.*, 708 S.W.2d 429, 431 (Tex. 1986). Mandamus will not lie to correct a merely erroneous or voidable order of the trial court. *Id*.

Mandamus is available to correct a void order, even if the order was appealable and the party requesting relief failed to pursue an appeal. *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973). But appeal is the safer course where the order is not clearly void, or if there are disputed fact issues. *Id*.

### Status of the Order

A court must set a date and time for the hearing on an application for a protective order "unless a later date is requested by the applicant. Except as provided by Section 84.002, the court may not set a date later than the 14th day after the date the application is filed." TEX. FAM. CODE ANN. § 84.001(a) (Vernon 2008). Section 84.002 does not apply here. *See id*. § 84.002 (Vernon 2008).

Derek argues, at least implicitly, that the fourteen day provision of section 84.001(a) is jurisdictional. But not every time limitation imposed upon judicial action is

jurisdictional. *See, e.g.,* ***In re Office of Attorney General***, 264 S.W.3d 800, 809 (Tex. App.–Houston [1st Dist.] 2008, orig. proceeding) (statutory time period for confirmation and signing of nonagreed child support review order not jurisdictional); ***In re E.D.L.***, 105 S.W.3d 679, 687 (Tex. App.–Fort Worth 2003, pet. denied) (statutory requirement of full adversary hearing not later than fourteenth day after date child was taken by governmental entity not jurisdictional). Derek begins his argument by stating that "[t]he language of Texas Family Code Section 84.001 is mandatory." He then concedes that "[t]here is very little case law with regard to [the nature of the time limitation]," and admits that he found none directly on point. He also refers to other family code sections that prescribe the time within which certain hearings must be held. But he does not address whether those requirements are jurisdictional nor does he include any argument or citation to authority supporting his contention that the requirement here is jurisdictional. *See* TEX. R. APP. P. 52.3(h) ("The petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record.").

Absent the required argument and citations to authorities, Derek cannot show that the fourteen day requirement is jurisdictional, and therefore cannot establish that the final protective order is void. Consequently, he cannot satisfy the first prerequisite to mandamus—a showing that the trial court committed a clear abuse of discretion.[2]

### MOTION FOR TEMPORARY ORDERS PENDING APPEAL

Derek next urges that he is entitled to a writ of prohibition to prevent the trial court from proceeding on Tammy's motion for temporary orders pending appeal. After the trial court signed the final divorce decree and final protective order in the underlying divorce action, Tammy filed a motion for temporary orders pending appeal, and the trial court set a hearing on the motion. Derek asserts that proceeding with the hearing would "violate the automatic stay of the trial court effective as of [Derek's] filing of a notice of appeal in this cause. . . ."

### Availability of Writ of Prohibiton

A writ of prohibition in an appellate court is a creature of limited purpose. ***In re Lewis***, 223 S.W.3d 756, 761 (Tex. App.–Texarkana 2007, orig. proceeding). The writ is

---

[2] The final protective order is now appealable. *See* TEX. FAM. CODE ANN. § 81.009(b) (Vernon 2008) (protective order rendered against party in suit for dissolution of marriage can be appealed when final decree of divorce becomes final, appealable order). Derek has challenged the protective order in his appeal pending in this court.

used to protect the subject matter of an appeal or to prohibit an unlawful interference with enforcement of a superior court's order and judgments. *Sivley v. Sivley*, 972 S.W.2d 850, 863 (Tex. App.–Tyler 1998, orig. proceeding) (combined appeal and original proceeding). As pertinent here, a writ of prohibition will issue to prevent a lower court from interfering with a higher court in deciding a pending appeal. *Id.* at 863. Prohibition is not appropriate if any other remedy, such as appeal, is available and adequate. *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 404 (Tex. App.-Tyler 2006, orig. proceeding).

Because prohibition is an extraordinary proceeding, it should be used with great caution. *See In re State*, 180 S.W.3d 423, 425 (Tex. App.–Tyler 2005, orig. proceeding); *Smith v. Grievance Committee, State Bar of Tex. of Dist. 14-A*, 475 S.W.2d 396, 399 (Tex. Civ. App.–Corpus Christi 1972, orig. proceeding). The threat of jurisdictional interference must be real before a petition for a writ of prohibition will be granted. *In re Castle Tex. Prod.*, 189 S.W.3d at 403. The writ will not issue to protect an appellate court's jurisdiction from the mere possibility of interference by a lower court. *Id.* We will not assume that a trial judge will "trench upon the jurisdiction of this court or attempt to nullify or impair the subject-matter of [an] appeal." *See Buffalo Eng'g Co. v. Welch*, 61 S.W.2d 855, 856 (Tex. Civ. App.-Dallas 1933, no writ).

**Status of Motion**

"When a guardian appeals, a bond is not required, unless the appeal personally concerns the guardian, in which case the guardian must give the bond." TEX. PROB. CODE ANN. § 656 (Vernon 2003). Therefore, when a guardian has filed the required notice of appeal, the appeal suspends the execution of the judgment or order appealed from without the necessity of filing a supersedeas bond. *Inman v. Tex. Land & Mortg. Co.*, 74 S.W.2d 124, 125 (Tex. Civ. App.–Amarillo 1934, no writ) (interpreting predecessor to section 656) (cited with approval in *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 481 (Tex. 1964)). Here, the appeal does not personally concern Derek, and so he was not required to file a supersedeas bond to suspend the judgment.

Notwithstanding section 656, however, the trial court may render a temporary order necessary for the preservation of the property and for the protection of the parties during the appeal, including an order to (1) require the support of either spouse; (2) require the payment of reasonable attorney's fees and expenses; (3) appoint a receiver for the preservation and protection of the property of the parties; or (4) award one spouse exclusive occupancy of the parties' residence pending the appeal. *See* TEX. FAM. CODE

ANN. § 6.709(a) (Vernon 2006). Only the appellate court has the authority to supersede these orders pending appeal. *Id*. § 6.709(b) (Vernon 2006) ("The trial court retains jurisdiction to enforce a temporary order under this section unless the appellate court, on a proper showing, supersedes the trial court's order."); *In re Boyd*, 34 S.W.3d 708, 710 n.2 (Tex. App.–Fort Worth 2000, orig. proceeding). Therefore, proceeding on Tammy's motion for temporary orders pending appeal does not interfere with this court's jurisdiction and does not justify the issuance of a writ of prohibition.

## RELEASED FUNDS

Finally, Derek contends that certain funds distributed to Tammy will be dissipated during the pendency of his appeal. He argues further that these funds are the subject matter of his appeal, and that injunctive relief is necessary to preserve them.

## Availability of Writ of Injunction

This court's authority to issue writs of injunction is limited to occasions where doing so is necessary to enforce its jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004); *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 683 (Tex.1989) (writ of injunction is to enforce or protect appellate court's jurisdiction); *In re Sheshtawy*, 161 S.W.3d 1, 1 (Tex. App.–Houston [14th Dist] 2003, orig. proceeding). This court may also grant injunctive relief to preserve the subject matter of a pending appeal or if a failure to grant relief would result in the appeal's becoming moot. *See Becker v. Becker*, 639 S.W.2d 23, 24 (Tex. App.–Houston [1st Dist.] 1982, orig. proceeding). The court does not have jurisdiction to issue a writ of injunction merely to preserve the status quo or prevent loss or damage to one of the parties during the appeal. *Id*.; *Pace v. McEwen*, 604 S.W.2d 231, 233 (Tex. Civ. App.–San Antonio 1980, orig. proceeding).

Derek alleges, and the record reflects, that Tammy's attorney held certain funds in her trust account subject to temporary orders signed during the pendency of the divorce. He alleges further that Tammy's attorney released those funds to Tammy after the trial court signed the final divorce decree. Derek contends that he has no adequate remedy by appeal because the funds will be dissipated and spent by the time his appeal of the divorce decree is concluded. He urges that an injunction is necessary to protect against the dissipation of the funds because "the only cash funds available before the trial court and before this appellate court for disposition in [the] appeal were therefore placed in the hands of Tammy Barbee prior to the judgment becoming final." Thus, he asserts that this court must enter the injunction to protect the subject matter of his pending appeal.

We first note that Derek has not shown that Tammy will dissipate the cash in question. Additionally, in his appeal pending in this court under cause number 12-09-00151-CV, Derek raises four issues: (1) the evidence is factually insufficient to support the trial court's ruling that an informal marriage existed between Ricky and Tammy; (2) the final protective order is void, or alternatively, voidable; (3) Tammy did not have authorization from the guardianship court to file the divorce action; and (4) the trial court improperly admitted hearsay evidence. Derek has raised no issue relating to the cash formerly held in Tammy's attorney's trust account. Consequently, the cash is not the subject matter of this appeal. *See re Lesikar*, No. 14-06-01041-CV, 2007 WL 1624965, at *2–3 (Tex. App.–Houston [14th Dist.] June 27, 2007, orig. proceeding) (mem. op.) ("Because the final judgment in this case includes a provision directing the division and distribution of the QTIP funds, and [the appellant] has raised an issue in the appeal that challenges this provision of the judgment, it interferes with this court's exclusive jurisdiction over the subject matter of the appeal for the trial court to exercise contempt jurisdiction regarding the distribution of the QTIP funds."); *EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425, 427 (Tex. App.–Fort Worth 1987, no pet.) (where subject matter of appeal is whether trial court properly denied bill of review, original petition to enjoin execution of judgment that is subject of bill of review should be denied). Therefore, Derek has not shown that the writ of injunction he seeks is necessary to enforce or protect this court's jurisdiction.

## CONCLUSION

Based on the foregoing analysis, we have concluded that Derek has not shown that he is entitled to the relief he requested. Accordingly, his petition for writ of mandamus, writ of prohibition, and writ of injunction is ***denied***. This court's stay is lifted.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 25, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)