NO









NO. 12-09-00165-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

                                                                             '     

 

IN RE:
DEREK BARBEE, GUARDIAN

OF THE
PERSON AND ESTATE                   '     ORIGINAL PROCEEDING

OF
RICKY BARBEE, RELATOR

                                                                             '     

 





MEMORANDUM
OPINION

            In
this original proceeding, Relator Derek Barbee, guardian of the person and
estate of Ricky Barbee, seeks three extraordinary remedies:  (1) a writ of
mandamus directing the trial court to vacate a protective order Derek contends
is void; (2) a writ of prohibition preventing the trial court from proceeding
on a motion filed by Tammy Barbee requesting temporary orders pending appeal;
and (3) a writ of injunction enjoining Tammy from spending certain funds
released to her from her attorney’s trust account and requiring Tammy to deposit
those funds into the registry designated by this court.[1] 
We deny the petition.

 

Background

            This
proceeding arises out of a divorce case between Tammy and Ricky Barbee.  Ricky
is incapacitated.  Tammy was appointed guardian of Ricky’s person and estate on
February 19, 1997.  She filed for divorce on July 18, 2008.  Approximately
three months later, Tammy filed an application for a protective order alleging
family violence.  The trial court entered an ex parte protective order, and
Derek Barbee, Ricky’s son, was appointed successor guardian of Ricky’s person
and estate.

            The
trial court signed a final decree of divorce and a separate final protective
order.  Derek appealed both orders.  A week later, Tammy filed a motion for
temporary orders pending appeal.  Shortly thereafter, Derek filed this original
proceeding.  He also filed a motion for an emergency stay, which was granted.

The Protective Order

            Derek
seeks a writ of mandamus directing the trial court to vacate the final protective
order signed on the same date as the final decree of divorce.  Tammy filed an
application for a protective order during the pendency of the divorce, and the
trial court issued a temporary ex parte protective order.  The hearing on the
final protective order was not conducted until the trial on the merits, almost
six months after Tammy filed the application.  Derek asserts that the trial
court’s failure to conduct a hearing on Tammy’s application within the time
prescribed by family code section 84.001(a) rendered the final protective order
void.

Availability of Mandamus

            A
writ of mandamus will issue to correct a clear abuse of discretion when there
is no adequate remedy by appeal. In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135-36 (Tex. 2004); Walker v. Packer, 827 S.W.2d
833, 839 (Tex.1992). A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial
error of law or if it clearly fails to correctly analyze or apply the law. Walker,
827 S.W.2d at 839-40.  When a party establishes that the trial court rendered a
void order, he is entitled to mandamus relief without a showing that appeal is
an inadequate remedy.  See In re Sw. Bell. Tel. Co., 35
S.W.3d 602, 605 (Tex. 2000); In re Union Pac. Resources, Co., 969
S.W.2d 427, 428 (Tex. 1998).  An order is void when a court has no power or
jurisdiction to render it.  Urbish v. 127th Judicial Dist. Ct.,
708 S.W.2d 429, 431 (Tex. 1986).  Mandamus will not lie to correct a merely
erroneous or voidable order of the trial court.  Id. 

            Mandamus
is available to correct a void order, even if the order was appealable and the
party requesting relief failed to pursue an appeal.  Dikeman v. Snell,
490 S.W.2d 183, 186 (Tex. 1973).  But appeal is the safer course where the
order is not clearly void, or if there are disputed fact issues.  Id.

Status of
the Order

            A
court must set a date and time for the hearing on an application for a
protective order “unless a later date is requested by the applicant.  Except as
provided by Section 84.002, the court may not set a date later than the 14th
day after the date the application is filed.”  Tex. Fam. Code Ann. § 84.001(a) (Vernon 2008).  Section
84.002 does not apply here.  See id. § 84.002 (Vernon 2008).

            Derek
argues, at least implicitly, that the fourteen day provision of section
84.001(a) is jurisdictional.  But not every time limitation imposed upon
judicial action is jurisdictional.  See, e.g., In re Office of Attorney
General, 264 S.W.3d 800, 809 (Tex. App.–Houston [1st Dist.] 2008, orig.
proceeding) (statutory time period for confirmation and signing of nonagreed
child support review order not jurisdictional); In re E.D.L., 105
S.W.3d 679, 687 (Tex. App.–Fort Worth 2003, pet. denied) (statutory requirement
of full adversary hearing not later than fourteenth day after date child was
taken by governmental entity not jurisdictional).  Derek begins his argument by
stating that “[t]he language of Texas Family Code Section 84.001 is
mandatory.”  He then concedes that “[t]here is very little case law with regard
to [the nature of the time limitation],” and admits that he found none directly
on point.  He also refers to other family code sections that prescribe the time
within which certain hearings must be held.  But he does not address whether
those requirements are jurisdictional nor does he include any argument or
citation to authority supporting his contention that the requirement here is
jurisdictional.  See Tex. R. App.
P. 52.3(h) (“The petition must contain a clear and concise argument for
the contentions made, with appropriate citations to authorities and to the
appendix or record.”).

            Absent
the required argument and citations to authorities, Derek cannot show that the
fourteen day requirement is jurisdictional, and therefore cannot establish that
the final protective order is void.  Consequently, he cannot satisfy the first
prerequisite to mandamus—a showing that the trial court committed a clear abuse
of discretion.[2]

 

                       Motion for
Temporary Orders Pending Appeal           

            Derek
next urges that he is entitled to a writ of prohibition to prevent the trial
court from proceeding on Tammy’s motion for temporary orders pending appeal. 
After the trial court signed the final divorce decree and final protective
order in the underlying divorce action, Tammy filed a motion for temporary
orders pending appeal, and the trial court set a hearing on the motion.  Derek
asserts that proceeding with the hearing would “violate the automatic stay of
the trial court effective as of [Derek’s] filing of a notice of appeal in this
cause. . . .”

Availability
of Writ of Prohibiton

            A
writ of prohibition in an appellate court is a creature of limited purpose.  In
re Lewis, 223 S.W.3d 756, 761 (Tex. App.–Texarkana 2007, orig.
proceeding).  The writ is used to protect the subject matter of an appeal or to
prohibit an unlawful interference with enforcement of a superior court's order
and judgments.  Sivley v. Sivley, 972 S.W.2d 850, 863 (Tex.
App.–Tyler 1998, orig. proceeding) (combined appeal and original proceeding).
As pertinent here, a writ of prohibition will issue to prevent a lower court
from interfering with a higher court in deciding a pending appeal.  Id.
at 863.  Prohibition is not appropriate if any other remedy, such as appeal, is
available and adequate.  In re Castle Tex. Prod. Ltd. P'ship, 189
S.W.3d 400, 404 (Tex. App.-Tyler 2006, orig. proceeding).

            Because
prohibition is an extraordinary proceeding, it should be used with great
caution. See In re State, 180 S.W.3d 423, 425 (Tex.
App.–Tyler 2005, orig. proceeding); Smith v. Grievance Committee, State
Bar of Tex. of Dist. 14-A, 475 S.W.2d 396, 399 (Tex. Civ. App.–Corpus
Christi 1972, orig. proceeding). The threat of jurisdictional interference must
be real before a petition for a writ of prohibition will be granted.  In
re Castle Tex. Prod., 189 S.W.3d at 403.  The writ will not issue to
protect an appellate court's jurisdiction from the mere possibility of
interference by a lower court.  Id. We will not assume that a
trial judge will “trench upon the jurisdiction of this court or attempt to
nullify or impair the subject-matter of [an] appeal.” See Buffalo
Eng'g Co. v. Welch, 61 S.W.2d 855, 856 (Tex. Civ. App.-Dallas 1933, no
writ).

Status of
Motion

            “When
a guardian appeals, a bond is not required, unless the appeal personally
concerns the guardian, in which case the guardian must give the bond.”  Tex. Prob. Code Ann. § 656 (Vernon
2003).  Therefore, when a guardian has filed the required notice of appeal, the
appeal suspends the execution of the judgment or order appealed from without
the necessity of filing a supersedeas bond.  Inman v. Tex. Land &
Mortg. Co., 74 S.W.2d 124, 125 (Tex. Civ. App.–Amarillo 1934, no writ)
(interpreting predecessor to section 656) (cited with approval in Ammex
Warehouse Co. v. Archer, 381 S.W.2d 478, 481 (Tex. 1964)).  Here, the
appeal does not personally concern Derek, and so he was not required to file a
supersedeas bond to suspend the judgment. 

            Notwithstanding
section 656, however, the trial court may render a temporary order necessary
for the preservation of the property and for the protection of the parties
during the appeal, including an order to (1) require the support of either
spouse; (2) require the payment of reasonable attorney’s fees and expenses; (3)
appoint a receiver for the preservation and protection of the property of the
parties; or (4) award one spouse exclusive occupancy of the parties’ residence
pending the appeal.  See Tex.
Fam. Code Ann. § 6.709(a) (Vernon 2006).  Only the appellate court has
the authority to supersede these orders pending appeal.  Id.
§ 6.709(b) (Vernon 2006) (“The trial court retains jurisdiction to enforce
a temporary order under this section unless the appellate court, on a proper
showing, supersedes the trial court’s order.”); In re Boyd, 34
S.W.3d 708, 710 n.2 (Tex. App.–Fort Worth 2000, orig. proceeding).  Therefore,
proceeding on Tammy’s motion for temporary orders pending appeal does not
interfere with this court’s jurisdiction and does not justify the issuance of a
writ of prohibition.

 

                                                            Released
Funds

        Finally,
Derek contends that certain funds distributed to Tammy will be dissipated
during the pendency of his appeal.  He argues further that these funds are the
subject matter of his appeal, and that injunctive relief is necessary to
preserve them. 

Availability of Writ of
Injunction

       This
court’s authority to issue writs of injunction is limited to occasions where
doing so is necessary to enforce its jurisdiction.  See Tex. Gov't Code Ann. § 22.221(a)
(Vernon 2004); Holloway v. Fifth Court of Appeals, 767 S.W.2d
680, 683 (Tex.1989) (writ of injunction is to enforce or protect appellate
court's jurisdiction); In re Sheshtawy, 161 S.W.3d 1, 1 (Tex.
App.–Houston [14th Dist] 2003, orig. proceeding). This court may also grant
injunctive relief to preserve the subject matter of a pending appeal or if a
failure to grant relief would result in the appeal’s becoming moot. See Becker
v. Becker, 639 S.W.2d 23, 24 (Tex. App.–Houston [1st Dist.] 1982, orig.
proceeding).  The court does not have jurisdiction to issue a writ of
injunction merely to preserve the status quo or prevent loss or damage to one
of the parties during the appeal. Id.; Pace v. McEwen,
604 S.W.2d 231, 233 (Tex. Civ. App.–San Antonio 1980, orig. proceeding).

            Derek
alleges, and the record reflects, that Tammy’s attorney held certain funds in
her trust account subject to temporary orders signed during the pendency of the
divorce.  He alleges further that Tammy’s attorney released those funds to
Tammy after the trial court signed the final divorce decree.  Derek contends
that he has no adequate remedy by appeal because the funds will be dissipated
and spent by the time his appeal of the divorce decree is concluded.  He urges
that an injunction is necessary to protect against the dissipation of the funds
because “the only cash funds available before the trial court and before this
appellate court for disposition in [the] appeal were therefore placed in the
hands of Tammy Barbee prior to the judgment becoming final.” Thus, he asserts
that this court must enter the injunction to protect the subject matter of his
pending appeal.

            We
first note that Derek has not shown that Tammy will dissipate the cash in
question.  Additionally, in his appeal pending in this court under cause number
12-09-00151-CV, Derek raises four issues: (1) the evidence is factually
insufficient to support the trial court’s ruling that an informal marriage
existed between Ricky and Tammy; (2) the final protective order is void, or
alternatively, voidable; (3) Tammy did not have authorization from the
guardianship court to file the divorce action; and (4) the trial court
improperly admitted hearsay evidence.  Derek has raised no issue relating to
the cash formerly held in Tammy’s attorney’s trust account.  Consequently, the
cash is not the subject matter of this appeal.  See re Lesikar,
No. 14-06-01041-CV, 2007 WL 1624965, at *2–3 (Tex. App.–Houston [14th Dist.]
June 27, 2007, orig. proceeding) (mem. op.) (“Because the final judgment in
this case includes a provision directing the division and distribution of the
QTIP funds, and [the appellant] has raised an issue in the appeal that
challenges this provision of the judgment, it interferes with this court's
exclusive jurisdiction over the subject matter of the appeal for the trial
court to exercise contempt jurisdiction regarding the distribution of the QTIP
funds.”); EMW Mfg. Co. v. Lemons, 724 S.W.2d 425, 427 (Tex.
App.–Fort Worth 1987, no pet.) (where subject matter of appeal is whether trial
court properly denied bill of review, original petition to enjoin execution of
judgment that is subject of bill of review should be denied).  Therefore, Derek
has not shown that the writ of injunction he seeks is necessary to enforce or
protect this court’s jurisdiction.

 

 

                                                                Conclusion

            Based
on the foregoing analysis, we have concluded that Derek has not shown that he
is entitled to the relief he requested.  Accordingly, his petition for writ of
mandamus, writ of prohibition, and writ of injunction is denied. 
This court’s stay is lifted.        

                                                                                     JAMES
T. WORTHEN

                                                                                                Chief
Justice

Opinion delivered August 25, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(PUBLISH)









[1] 
The respondent is the Honorable Charles
Mitchell, Judge of the 273rd Judicial District Court, Shelby County, Texas. 
The real party in interest is Tammy Barbee.





[2]
The final protective order is now appealable.  See
Tex. Fam. Code Ann. §
81.009(b) (Vernon 2008) (protective order rendered against party in suit for
dissolution of marriage can be appealed when final decree of divorce becomes
final, appealable order).  Derek has challenged the protective order in his
appeal pending in this court.