NO. 07-11-00429-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 3, 2011

IN RE LESLIE J. WILLIAMS, RELATOR

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator Leslie J. Williams, a prison inmate appearing *pro se*, has filed a motion for leave to file a petition for writ of mandamus[1] and a petition for writ of mandamus. In his petition, relator states that he filed a motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure[2] on August 19, 2011. According to relator, the motion has not been acted on by the convicting court. He asks that we compel the convicting court not only to take up his motion but to grant it. For the reasons that follow, we will deny relator's petition.

Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004). A court may abuse its discretion by failing to execute a ministerial task for

---

[1] Motions for leave to file a petition for writ of mandamus are no longer required. Tex. R. App. P. 52.1, Notes and Comments.

[2] Tex. Code Crim. Proc. Ann. arts. 64.01-64.05 (West 2006 & Supp. 2010).

which no discretion attaches, such as refusing to conduct a hearing or rule on a properly pending motion. *See Eli Lilly and Co. v. Marshall,* 829 S.W.2d 157, 158 (Tex. 1992). A court, however, has a reasonable time to perform such a duty. *In re Blakeney,* 254 S.W.3d 659, 661 (Tex.App.--Texarkana 2008, orig. proceeding); *Ex parte Bates,* 65 S.W.3d 133, 135 (Tex.App.--Amarillo 2001, orig. proceeding).

Under Chapter 64, on receipt of a motion for forensic DNA testing the convicting court shall provide a copy of the motion to the attorney for the State and direct a response. Art. 64.02(a)(1),(2). The State shall respond to the motion not later than sixty days after it is served. Art. 64.02(a)(2). The convicting court may proceed under article 64.03 after the lapse of the sixty-day period, whether or not the State responds to the motion. Art. 64.02(b).

Relator has not filed a record or an appendix with his petition. In an original mandamus proceeding, the petition must be accompanied by a certified or sworn copy of every document that is material to a relator's claim for relief and that was filed in any underlying proceeding. *See* Tex. R. App. P. 52.7(a)(1). Additionally, the petition states facts not supported by evidence included in an appendix or record. A relator's burden on mandamus includes meeting the requirement that "[e]very statement of fact in the petition [is] supported by citation to competent evidence included in the appendix or record." Tex. R. App. P. 52.3(g). In short, a relator must supply a record sufficient to establish the right to mandamus relief. *Walker v. Packer,* 827 S.W.2d 833, 837 (Tex. 1992).

The absence of a record proving that relator actually filed the motion and proving further facts showing an abuse of discretion by the convicting court, requires that we deny his petition for mandamus.

Further, relator asks us to direct the convicting court to rule in a particular way on his motion.[3] As we have repeatedly held, we may not direct a trial court's decision on a matter on which it has not ruled. *See, e.g., In re Johnson,* 07-10-0254-CV, 2011 Tex. App. Lexis 4886, at *4-5 (Tex.App.--Amarillo June 28, 2011, orig. proceeding) (mem. op.); *In re Duffy,* No. 07-09-0090-CV, 2009 Tex. App. Lexis 2738, at *4-5 (Tex.App.-- Amarillo Apr. 20, 2009, orig. proceeding) (mem. op.); *accord In re Blakeney,* 254 S.W.3d at 661; *In re Castle Tex. Prod. Ltd. P'ship,* 189 S.W.3d 400, 403 (Tex.App.-- Tyler 2006, orig. proceeding); *In re Ramirez,* 994 S.W.2d 682, 684 (Tex.App.--San Antonio 1998, orig. proceeding). Even if relator had filed a petition on which we could take action, we would be unable to grant him the relief he requests.

Accordingly, relator's petition for writ of mandamus is denied and his motion for leave to file a petition for writ of mandamus is dismissed as moot. In denying relator's petition, we express no opinion on the merits of his complaint.

Per Curiam

---

[3] In his brief petition, relator avers, "Applicant request[s] that this Court of Appeals inforce (sic) the District Court No. 237th of Lubbock County, Texas, to perform the Chapter 64 duty for DNA testing on the State's evidence . . . ." He concludes with a prayer asking that we "inforce (sic) and comply with the law of Texas and grant this motion for DNA testing to be performed on the State's Exhibit 35 . . . ."

3