**In re CASTLE TEXAS PRODUCTION LIMITED PARTNERSHIP, Castle Texas Pipeline Limited Partnership, CEC Gas Marketing Limited Partnership, and Castle Energy Corporation.**

No. 12–05–00212–CV.

Court of Appeals of Texas,
Tyler.

April 5, 2006.

Guy I. Wade, III, Robert B. Gilbreath, Brandy M. Wingate, Jenkens & Gilchrist, Dallas, Carl H. Barber, Bath, Turner & Barber, Henderson, for relator.

F. Franklin Honea, Law Office of F. Franklin Honea, Dallas, Ron Adkison, Wellborn, Houston, Adkison, Mann, Sadler & Hill, L.L.P., Henderson, Mike Hatchell, Locke Liddell & Sapp LLP, Austin, for real party in interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and BASS, Retired Justice, Twelfth Court of Appeals, TYLER, sitting by assignment.

## OPINION

BILL BASS, Justice.

Relators, Castle Texas Production Limited Partnership, CEC Gas Marketing Limited Partnership, and Castle Energy Corporation (collectively "Castle"), petition for writs of mandamus and prohibition seeking the entry of a judgment for a specific amount of prejudgment interest and attorney's fees and prohibiting the relitigation of Castle's right to prejudgment interest. We conclude that, under the facts presented, neither mandamus nor prohibition is appropriate. Moreover, Castle has an adequate remedy on appeal. Therefore, we deny the petition.

### BACKGROUND

On September 5, 2001, the trial court rendered its amended final judgment awarding the Long Trusts a monetary recovery against Castle and awarding Castle damages on its counterclaim together with prejudgment interest and attorney's fees. We reversed that part of the trial court's judgment awarding the Long Trusts recovery against Castle and remanded the Long Trusts' breach of contract claims to the trial court for retrial. In affirming the judgment for Castle (subject to remitti-

turs), we held that the trial court had not awarded Castle the prejudgment interest on its counterclaim provided by the operating agreement. Therefore, we severed Castle's counterclaim against the Long Trusts and ordered the trial court to recalculate prejudgment interest at twelve percent per annum as required by the joint operating agreement. *Castle Tex. Prod. Ltd. P'ship v. Long Trusts*, 134 S.W.3d 267, 288–89 (Tex.App.-Tyler 2003, pet. denied).

The Long Trusts contend they are entitled to a jury trial on the amount of prejudgment interest. Respondent, the Honorable Clay Gossett, Judge of the 4th Judicial District Court of Rusk County, has set the case for trial. Castle argues that this defies our mandate remanding the cause to the trial court "for the recalculation of the prejudgment interest on damages at the rate and in the manner provided by the joint operating agreements . . . ." Since the Long Trusts concede that they paid none of the joint interest billings, Castle maintains that the Long Trusts are estopped to challenge that interest runs from the date of the billings. Therefore, Castle argues that the recalculation of the interest requires simple arithmetic, not more evidence. Contending that Respondent abused his discretion in not accepting the calculation of prejudgment interest proffered by Castle to Respondent, Castle asks this court to issue writs of mandamus and prohibition for the following relief:

Castle requests that the Court enforce its Mandate by:

(i) ordering the Respondent to remove the issue of prejudgment interest from the trial docket, recalculate prejudgment interest, and render judgment for Production awarding it $149,407.94

in actual damages, $103,306.54 in pre-judgment interest, $450,000.00 in attorney's fees for the preparation and trial of the counterclaim, postjudgment interest at the rate of twelve percent (12%) per annum or $231.03 per day after September 5, 2001 until the judgment is satisfied, $60,000.00 in appellate attorney's fees, and costs incurred in the appeal; and

(ii) prohibiting the Respondent from relitigating whether Production is entitled to prejudgment interest and the manner of calculating that interest.

### AVAILABILITY OF MANDAMUS AND PROHIBITION

The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act. *See Boston v. Garrison,* 152 Tex. 253, 256 S.W.2d 67, 70 (1953). It is not a writ of right, and its issuance is within the sound discretion of the court, a discretion to be exercised by the application of fixed principles. *Westerman v. Mims,* 111 Tex. 29, 227 S.W. 178, 181 (1921).

Mandamus will not issue unless the relator demonstrates a clear right to the relief. *Cobra Oil & Gas. Co. v. Sadler,* 447 S.W.2d 887, 895 (Tex.1968) (op. on reh'g). A writ of mandamus may issue when the duty to do the act is ministerial. *Turner v. Pruitt,* 161 Tex. 532, 342 S.W.2d 422, 423 (Tex.1961). An act is ministerial if the law prescribes the duty to be performed by the judge with such precision that nothing is left to the exercise of discretion. *State Bar of Tex. v. Heard,* 603 S.W.2d 829, 832 (Tex.1980). Although courts of appeal "have jurisdiction to direct the trial court to proceed to judgment, [they] may not tell the court what judgment it should enter." *In re Ramirez,* 994 S.W.2d 682, 684 (Tex.App.-San Antonio 1998, orig. proceeding). In *O'Donniley v.*

*Golden,* 860 S.W.2d 267, 269 (Tex.App.-Tyler 1993, orig. proceeding), we observed that "it is a basic premise that an appellate court lacks the power to compel a trial judge to do a particular act requiring discretion on his part...." Therefore, an appellate court cannot resolve disputed facts in a mandamus proceeding, and mandamus is inappropriate if there is a factual dispute of consequence. *Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 60 (Tex. 1991).

Mandamus is not available if the relator has a clear and adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Generally, the remedy of appeal after judgment is an adequate remedy precluding mandamus. *Id.* at 840-42. The cost or delay involved in pursuing an appeal in most cases does not render an appeal an inadequate remedy. *Id.* An allegedly erroneous ruling such as setting a matter for trial or denying a motion for summary judgment, no matter how it is titled, is an act that is "incidental to the normal trial process" and is not subject to correction by mandamus, because any error may be adequately reviewed on appeal. *See In re Ford Motor Co.,* 988 S.W.2d 714, 725 (Tex.1998).

The writ of prohibition is available to compel a court of inferior jurisdiction from taking certain actions, usually connected with interfering with the jurisdiction of the superior court. *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 682-83 (Tex.1989). The threat of jurisdictional interference must be real before a writ of prohibition will be granted, and the writ will not issue to protect an appellate court's jurisdiction from the mere possibility of interference by the lower court. *See State ex rel. Rodriguez v. Onion,* 741 S.W.2d 433, 435 (Tex.Crim.App.1987); *W.C.H., III v. Matthews,* 536 S.W.2d 679,

681 (Tex.Civ.App.-Fort Worth 1976, orig. proceeding). As with mandamus, prohibition is not appropriate if any other remedy such as appeal is available and adequate. *Holloway*, 767 S.W.2d at 684.

ANALYSIS

The Joint Operating Agreement determines when interest begins to accrue. In pertinent part, the JOA provides as follows:

> Each Non–Operator shall pay its proportion of all bills within (15) days after receipt. If payment is not made within such time, the unpaid balance shall bear interest monthly at the rate of twelve percent (12%) per annum or the maximum contract rate permitted by the applicable usury law in the state in which the joint property is located, whichever is lesser. . . .

> Statements and Billings. Operator shall bill Non–Operators on or before the last day of each month for their proportionate share of the Joint Account for the preceding month.

Castle contends that the JOA gives an incentive to a non-operator to promptly pay the billing. Specifically, Castle states that "[i]f they fail to pay within the specified period, the operator is entitled to prejudgment interest calculated monthly—not from the dates of receipt by the non-operator—but from the date of the joint interest billings." The Long Trusts concede that they paid none of the billings, which according to Castle means that the prejudgment interest can only be calculated from the dates of the joint interest billings. Castle maintains that Respondent has all the evidence necessary in the record created for the first trial, which Castle requested Respondent to judicially notice. Therefore, Castle concludes that Respondent had no discretion but to render judgment in the amounts demanded in its petition.

Moreover, Castle points out that the Long Trusts objected to a request for production of the joint interest billings (JIB) they had received, contending that those documents were "neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Respondent sustained the Long Trusts' objections to Castle's request for the JIBs, and the Long Trusts never produced any billings that they received from Castle. Therefore, Castle contends that the Long Trusts are judicially and equitably estopped from taking the inconsistent position that those are precisely the documents necessary to establish when prejudgment interest begins to accrue.

The Long Trusts argue that the JIBs may be sent at any time on or before the last day of the month for the preceding month's expenses and that interest does not begin to accrue until fifteen days after the non-operator's receipt of the JIB, not the date printed on the JIB. Since there is no satisfactory proof of when the Long Trusts received each of the invoices, Respondent cannot correctly calculate when prejudgment interest begins to accrue without additional evidence. To support their argument, the Long Trusts rely on *C & C Partners v. Sun Exploration & Prod.*, 783 S.W.2d 707 (Tex.App.-Dallas 1989, writ denied). In *C & C Partners*, the Dallas Court of Appeals considered facts similar to these and an almost identical joint operating agreement provision governing the calculation of prejudgment interest. Sun's accountant testified that monthly billings were sent to C & C, and C & C admitted that it had received the invoices but had not paid them. Sun, however, failed to establish when the invoices were received. The Dallas Court held that, absent evidence of when the joint interest billings were received by the non-operator (C & C), there was factually insufficient evi-

dence from which to calculate prejudgment interest and the trial court erred in rendering judgment for prejudgment interest. *Id.* at 721.

Long Trusts also insists that in deciding whether the facts give rise to an estoppel, the court must deal with disputed matters of fact, and the resolution of such issues in a mandamus proceeding constitutes an abuse of discretion. *See Brady v. Fourteenth Court of Appeals,* 795 S.W.2d 712, 716 (Tex.1990).

■ We are convinced after reading *C & C Partners* and *Brady* that there are issues before the trial court requiring factual determinations. Therefore, we conclude that Respondent did not abuse his discretion in setting the matter for trial, and mandamus is inappropriate. Moreover, Castle has an adequate remedy by appeal. An allegedly erroneous ruling such as setting the matter for trial or denying a motion for summary judgment, no matter how it is titled, is "incidental to the normal trial process" and is not subject to correction by mandamus, because any error may be adequately reviewed on appeal. *See In re Ford Motor Co.,* 988 S.W.2d at 725.

■ Relator urges that we issue a writ of prohibition, presumably to prohibit an unlawful interference with the enforcement of our judgment and mandate. However, in setting the cause for trial, Respondent has done nothing that constitutes an interference with this court's appellate jurisdiction. Prohibition is therefore inappropriate.

### DISPOSITION

The petition for writ of mandamus and prohibition is ***denied.*** Castle's motion for temporary relief is overruled as ***moot.***