NO.
12-07-00373-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

IN RE: WAYNE ERNEST BARKER,

RELATOR     §          ORIGINAL PROCEEDING

 

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

            In
this original proceeding, Wayne Ernest Barker alleges that he filed a lawsuit
in the trial court, but that the defendants he named in the lawsuit have not
been served with citation.  He further
alleges that he filed a motion on September 10, 2007 requesting the trial
court to order the district clerk to issue citation for each defendant and
deliver the citations to an officer authorized to serve process. He contends
that the trial court has not ruled on his motion and seeks a writ of mandamus
requiring the court to order the district clerk to issue and deliver the
citations to the appropriate officer.[1]  

            Mandamus
is an extraordinary remedy and was intended to be available “only in situations
involving manifest and urgent necessity and not for grievances that may be
addressed by other remedies.”  Walker
v. Packer, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding).  For Barker to be entitled to relief by
mandamus, he must meet two requirements. 
First, he must show that the trial court clearly abused its
discretion.  Id.  Second, he must show that he lacks an adequate
remedy at law, such as an ordinary appeal. 
See id. 
Courts of appeals have the power to compel a trial court to rule on a
pending motion.  In re Ramirez,
994 S.W.2d 682, 684 (Tex. App.-San Antonio 1998, orig. proceeding).  However, they may not tell the trial court
how to rule on the motion.  See In
re Castle Prod. Ltd. P’ship, 189 S.W.3d 400, 403 (Tex. App.–Tyler 2006,
orig. proceeding).  

            Before
mandamus may issue to require a trial court to rule on a motion, the relator
must establish that the court was asked to perform the act and failed or
refused to do so within a reasonable time. 
See Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269
(Tex. App.–San Antonio 1997, orig. proceeding). 
Here, Barker alleges that he filed the motion on September 10, 2007, but
makes no showing that the trial court has had a reasonable time to consider and
rule on the motion. Nor does he show that he called the trial court's attention
to the motion or requested that a hearing be set to determine its merit.  Therefore, Barker has failed to show that the
trial court has abused its discretion by failing to rule on the motion.  See In re Villareal, 96 S.W.3d
708, 710 (Tex. App.– Amarillo 2003, orig. proceeding).  Accordingly, Barker’s petition for writ of
mandamus is denied.  

 

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

 

 

Opinion delivered October 17, 2007.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1]
The respondent is the Honorable Dwight L.
Phifer, Judge of the 2nd Judicial District Court, Cherokee County, Texas.