# NO. 12-08-00359-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE: WAYNE ERNEST BARKER,* *RELATOR* | § | |
| | § | *ORIGINAL PROCEEDING* |
| | § | |

---

### *MEMORANDUM OPINION*

In this original proceeding, Wayne Ernest Barker alleges that he sued Adan Rodriguez and Stephanie A. Hart, who then filed a plea to the jurisdiction and a motion to dismiss the suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. Barker filed a response, and the trial court set a submission date of July 8, 2008. He complains that, although the submission date has passed, the trial court has not ruled, and seeks a writ of mandamus compelling the court to rule on the defendants' plea to the jurisdiction and motion to dismiss.[1]

Mandamus is an extraordinary remedy and was intended to be available "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). For Barker to be entitled to relief by mandamus, he must meet two requirements. First, he must show that the trial court clearly abused its discretion. *Id*. Second, he must show that he lacks an adequate remedy at law, such as an ordinary appeal. *See id*. Courts of appeals have the power to compel a trial court to rule on a pending motion. *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.–San Antonio 1998, orig. proceeding). However, they may not tell the trial court how to rule on the motion. *See In re Castle Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.–Tyler 2006, orig. proceeding).

---

[1] The respondent is the Honorable Dwight L. Phifer, Judge of the 2nd Judicial District Court, Cherokee County, Texas.

Before mandamus may issue to require a trial court to rule on a motion, the relator must establish that the court was asked to perform the act and failed or refused to do so within a reasonable time. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding). Here, Barker filed his mandamus petition in this court on September 5, 2008, which is 59 days after the July 8, 2008 submission date. Although Barker alleges that the trial court has had a reasonable time within which to rule, the information provided in this proceeding does not support his conclusion. Therefore, Barker has failed to show that the trial court has abused its discretion by failing to rule prior to September 5, 2008. *See In re Villareal*, 96 S.W.3d 708, 710 (Tex. App.–Amarillo 2003, orig. proceeding). Accordingly, Barker's petition for writ of mandamus is ***denied***.

    **SAM GRIFFITH**
    Justice

Opinion delivered September 10, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2