NO. 07-09-0090-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 20, 2009

_____

IN RE BRYN DUFFY, M.D., AND SUSANNE MATTSON-DUFFY,
INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN,
GUSTAF DUFFY AND HENRIK DUFFY, RELATORS
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relators Bryn Duffy, M.D. and Susanne Mattson-Duffy, individually and on behalf
of their minor children, Gustaf Duffy and Henrik Duffy, seek a writ of mandamus directing
the trial court to sustain their pending plea to its jurisdiction and dismiss the underlying
case without prejudice. For the reasons that follow, we will deny relators' petition.

Background

On September 12, 2008, relators filed an original petition in the 99th District Court
of Lubbock County alleging witness tampering, commercial bribery, breach of fiduciary

duty, and civil conspiracy by real party in interest, Texas Medical Liability Trust ("TMLT"). Without being served, TMLT filed a responsive pleading.[1]

Relators filed a notice of non-suit on October 14.[2]  But on October 16, a visiting judge signed an order that dismissed the case for want of prosecution.  By order signed November 25, the case was transferred to the 237th District Court of Lubbock County.  In an order signed February 6, 2009, the judge of the 237th District Court withdrew the October 16 dismissal order.  Relators filed a plea to the jurisdiction and motion to dismiss on March 17.  On March 19, relators filed their petition in this court seeking a writ of mandamus.[3]

Analysis

Relators seek this court's writ of mandamus "directing the 237th District Court to promptly enter an Order of Dismissal Without Prejudice for Lack of Jurisdiction and take

---

[1] TMLT's responsive pleading was entitled Defendant Texas Medical Liability Trust's Motion to Consolidate, Original Answer and Counterclaim to Plaintiffs' Original Petition. The mandamus record indicates the parties disagree whether TMLT asserted a counterclaim that survived the trial court's October 16 dismissal order.  We express no opinion on this question.

[2] Relators aver they mistakenly e-filed their suit in Lubbock County rather than Travis County.  They further aver that the suit was filed in Travis County on September 19, 2008, where it is presently abated pending resolution of the proceedings in Lubbock County.

[3] Relators accompanied their petition for writ of mandamus with a motion for temporary relief, asking that we stay a hearing the 237th District Court scheduled for March 23, 2009, on motions filed by TMLT.  We denied the temporary relief.

2

no further action on the case." Relators predicate their request on an argument that the plenary power of the trial court expired thirty days after the October 16 dismissal order.

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992); *see In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (explicating adequate remedy by appeal). By their plea and motion, relators have asked the trial court to determine its jurisdiction. But the trial court has not ruled on their plea and motion, which had been pending only two days when relators filed in this court their petition for mandamus, containing the same arguments as those made to the trial court. Thus, relators have not come to this court complaining of an order by the trial court.

A court may abuse its discretion by failing to execute a ministerial task for which no discretion attaches, such as refusing to conduct a hearing or rule on a properly pending motion. *See Eli Lilly and Co. v. Marshall,* 829 S.W.2d 157, 158 (Tex. 1992). A trial court, however, has a reasonable time to perform such a duty. *In re Blakeney,* 254 S.W.3d 659, 661 (Tex.App.–Texarkana 2008, orig. proceeding); *Ex parte Bates,* 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding). At this stage of the proceedings in the trial court a hearing and ruling would not be expected since the motion to dismiss was served on March 18 and the petition filed in this court on March 19. *See* Tex. R. Civ. P. 21 (a motion and notice of hearing "shall be served upon all other parties not less than three days before the time specified for the hearing unless otherwise provided by these rules or

3

shortened by the court"). Relators have not shown a clear abuse of discretion in the trial court's failure to rule on a motion so recently filed. *Cf. In re Gonzales,* No. 07-06-0324-CV, 2006 WL 2588696, at *1, 2006 Tex. App. Lexis 8057, at *3, (Tex.App.–Amarillo Sept. 6, 2006, orig. proceeding) (mem. op.) (pendency of motion for three months not unreasonable delay).

But relators do not merely ask us to direct the trial court to rule; they ask that we direct its ruling. We have repeatedly held that we may not direct a trial court's decision on a matter on which it has not ruled. *See, e.g., In re Minnfee,* No. 07-09-0005-CV, 2009 WL 127851, at *1, 2009 Tex. App. Lexis 332, at *1-2 (Tex.App.–Amarillo Jan. 16, 2009, orig. proceeding) (per curiam); *In re Rey,* No. 07-02-0104-CV, 2002 WL 350473, at *1, 2002 Tex. App. Lexis 1673, at *1-2 (Tex.App.–Amarillo Mar. 6, 2002, orig. proceeding) (per curiam) (not designated for publication). *Accord In re Blakeney,* 254 S.W.3d at 661; *In re Castle Tex. Prod. Ltd. P'ship,* 189 S.W.3d 400, 403 (Tex.App.–Tyler 2006, orig. proceeding); *In re Ramirez,* 994 S.W.2d 682, 684 (Tex.App.–San Antonio 1998, orig. proceeding). That holding is applicable to relator's request.

Conclusion

Finding relators have not demonstrated the trial court has committed an abuse of its discretion or failed in performance of a ministerial duty, we need not consider whether they have shown they have no adequate remedy by appeal. Accordingly, relators' petition for writ of mandamus is denied.

James T. Campbell
Justice