# NO. 12-18-00227-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *LOWELL QUINCY GREEN,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Lowell Quincy Green, a Texas inmate, filed this original proceeding in which he asks this Court to grant him discovery of indictments in trial court cause numbers 2012-709-C2, 2012-790-C2, and 2012-791-C2, order attorney Lawrence Johnson to produce work product, and order Detective Kristina Woodruff and Manuel Chavez to produce a search warrant.[1] We deny the writ in part and dismiss in part for want of jurisdiction.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both of these prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

---

[1] Respondents are the Honorable Vicki Lynn Menard, Judge of the 414th District Court in McLennan County, Texas, Lawrence Johnson, Kristina Woodruff, and Manuel Chavez. The State of Texas is the Real Party in Interest. By an August 16, 2018 order of the Texas Supreme Court, this proceeding was transferred to this Court from the Tenth Court of Appeals.

Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court. TEX. GOV'T CODE ANN. § 22.221(a) (West Supp. 2017). A court of appeals may issue writs of mandamus against: (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201, Family Code, in the court of appeals district for the judge who appointed the associate judge. *Id*. § 22.221(b).

In the present case, only part of Relator's petition can be construed as seeking mandamus relief against a judge, as authorized by Section 22.221(b). Specifically, Relator seeks discovery of various indictments and complains that Respondent Menard abused her discretion by failing to rule on his motion to compel discovery. However, to obtain a writ of mandamus compelling a trial court to consider and rule on a motion, the relator must show that the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.–San Antonio 2003, orig. proceeding). A trial court cannot be expected to consider a motion not called to its attention. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). It was incumbent upon Relator to establish that he called his motion to compel to Respondent Menard's attention; yet, he fails to show that Respondent Menard was afforded or had notice of his motion to compel discovery. *See id*. And, to the extent Relator seeks an order compelling Respondent Menard to grant him discovery, we have the power to compel a trial court to rule on a pending motion, but we may not tell the trial court how to rule on a motion. *See In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding). Accordingly, Relator has not shown himself entitled to mandamus relief with respect to this complaint.

Moreover, Johnson, Woodruff, and Chavez do not qualify as judges under Section 22.221(b); thus, we lack jurisdiction to issue a writ of mandamus against them unless the writ is necessary to enforce our jurisdiction. *See In re Wilkerson*, No. 05-17-01169-CV, 2017 WL 4585776, at *1 (Tex. App.—Dallas Oct. 16, 2017, orig. proceeding) (mem. op.) (appellate court lacked jurisdiction to issue writ of mandamus against Dallas Police Department unless necessary

2

to enforce jurisdiction.); *see also **In re Mason***, No. 05-16-01449-CV, 2017 WL 34593, at *1 (Tex. App.—Dallas Jan. 4, 2017, orig. proceeding) (mem. op.) (court of appeals is without jurisdiction to issue writ of mandamus against relator's attorney, unless necessary to enforce appellate court's jurisdiction). Relator does not have an appeal pending in this Court and he has not explained how the issuance of a writ against Johnson, Woodruff, or Chavez is otherwise necessary to enforce this Court's jurisdiction.    Thus, we have no jurisdiction to grant the requested relief with respect to these three individuals.

## DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we ***deny*** Relator's petition for writ of mandamus with respect to his complaint against Respondent Menard.  Having concluded that we lack jurisdiction over Relator's complaints against Johnson, Woodruff, and Chavez, we ***dismiss*** the remainder of Relator's petition for ***want of jurisdiction***.

Opinion delivered August 22, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 22, 2018**

**NO. 12-18-00227-CV**

**LOWELL QUINCY GREEN,**
Relator
V.

**HON. VICKI LYNN MENARD, LAWRENCE JOHNSON,
KRISTEN WOODRUFF, AND MANUEL CHAVEZ,**
Respondents

**ORIGINAL PROCEEDING**

ON THIS DAY came to be heard the petition for writ of mandamus filed by Lowell Quincy Green; who is the relator in Cause No. 2017-3504-5, pending on the docket of the 414th Judicial District Court of McLennan County, Texas. Said petition for writ of mandamus having been filed herein on August 20, 2018, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue and it lacks jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction, in part, and denied in part**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4