

# NUMBERS 13-21-00252-CR & 13-21-00253-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE JUAN CARLOS RIOS

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Justice Benavides[1]

Juan Carlos Rios, an inmate proceeding pro se, has filed a pleading requesting that we order judges in two district courts to dismiss the cases against him. Because Rios's pleading does not reference orders or judgments subject to appeal and he is, in essence, asking us to command public officers to perform an act, we construe his pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.1(a), (d) (governing the perfection of appeal); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

403 (Tex. App.—Tyler 2006, orig. proceeding) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.") (citing *Boston v. Garrison*, 256 S.W.2d 67, 70 (Tex. 1953)); *see also In re Guthrie*, No. 13-20-00134-CR, 2020 WL 1181261, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 12, 2020, orig. proceeding) (mem. op., not designated for publication). Rios seeks relief against the Honorable Noe Gonzalez in trial court cause number CR-4325-09-G in the 370th District Court of Hidalgo County, Texas, filed in our appellate cause number 13-21-00252-CR, and against the Honorable Leticia Lopez in trial court cause number CR-4686-08-H in the 389th District Court of Hidalgo County, Texas, filed in our appellate cause number 13-21-00253-CR.

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Judicial Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a

2

pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to competent evidence included in the appendix or record and must also provide a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus filed in these causes, the limited documentation provided, and the applicable law, is of the opinion that the relator has not established his entitlement to the relief sought. Accordingly, we deny the petition for writ of mandamus, and all relief sought therein, in each of these causes.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
13th day of August, 2021.