

# NUMBER 13-23-00598-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE THEODORE KHNANISHO

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Longoria, Silva, and Peña**
**Memorandum Opinion by Justice Silva[1]**

On December 27, 2023, Theodore Khnanisho filed a pro se pleading in this Court "requesting to reopen" trial court cause number 2022-DCV-2251-C and to dismiss trial court cause number 2023-DCV-4380-C, both causes arising from the 94th District Court of Nueces County, Texas. We liberally construe this pleading as a petition for writ of mandamus in this appellate cause number and as a notice of appeal in our appellate

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

cause number 13-23-00597-CV. *See generally* TEX. R. APP. P. 19.1 (delineating the plenary power of the appellate courts), 25.1 (governing the perfection of appeal in civil cases), 52 (describing the requirements for original proceedings); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act."); *see also Tex. Med. Res., LLP v. Molina Healthcare of Tex., Inc.*, 659 S.W.3d 424, 441 (Tex. 2023) (directing courts to examine the substance of pleadings). In this petition for writ of mandamus, Khnanisho raises complaints regarding the trial court judge, court staff, service of process, and debt collectors.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus relief is also appropriate when a trial court issues an order "beyond its jurisdiction" because the order is void ab initio. *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)).

2

The relator bears the burden to show that it is entitled to mandamus relief. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *In re Vara*, 668 S.W.3d 827, 828 (Tex. App.—El Paso 2023, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that the relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix), R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Khnanisho has not met his burden to obtain relief. *See In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker*, 827 S.W.2d at 837. Accordingly, we deny the petition for writ of mandamus. Khnanisho's appeal will remain pending in our appellate cause number 13-23-00597-CV.

3

CLARISSA SILVA
Justice

Delivered and filed on the
19th day of January, 2024.