# NO. 12-24-00152-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DOROTHY M. JOHNSON & MINNIE L. SHANKLIN,* | § | *ORIGINAL PROCEEDING* |
| | § | |
| *RELATORS* | | |

## *MEMORANDUM OPINION*

In this original proceeding, Relators Dorothy M. Johnson and Minnie L. Shanklin seek a writ of mandamus compelling Respondent to rescind his order setting a show cause hearing and dismiss the cause of action against Shanklin.[1]  We deny the writ.

## BACKGROUND

Lloyd Thompson died testate on December 1, 2016, in California.  However, he owned real property in Smith County, Texas, and his will was admitted to probate as a muniment of title in Smith County Court in March 2019.  Under the terms of the will, Lloyd's entire estate was devised to the trustee of The Lloyd Thompson Jr. Living Trust.  Johnson is named executor in the will, and Shanklin is named executor if Johnson cannot serve.  Per the trust documents, Johnson was a co-trustee with Lloyd and Shanklin is a successor trustee.  In addition, Relators are named residual beneficiaries of the trust.  In 2020, Real Parties in Interest, Brandon Thompson and

---

[1] Respondent is the Honorable Clay White, Judge of the County Court at Law #3 in Smith County, Texas.

Bryan Thompson (RPIs), who are not named in Lloyd's will, filed suit in Smith County District Court to recover property and contest the validity of the trust provisions in the will. That suit was dismissed without prejudice, presumably for lack of subject matter jurisdiction. RPIs later filed a bill of review will contest in the County Court of Smith County. That proceeding was transferred to County Court at Law #3. The parties had some discovery issues and disputes, and the trial court entered an agreed order granting RPIs' motion to compel written discovery on November 4, 2021. In May 2024, RPIs filed a motion for Johnson to show cause, alleging that she failed to comply with the motion to compel and supplement her discovery responses. Respondent entered an order to show cause and set a hearing.[2] This original proceeding followed.

## PREREQUISITES OF MANDAMUS

The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act. *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding). But a relator's right to mandamus relief generally requires a predicate request for some action and a refusal of that request. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999). This predicate is relaxed only on the rare occasions where the circumstances confirmed that the request would have been futile and the refusal little more than a formality. *Id*. Stated another way, we generally do not issue a writ of mandamus directing an action that the relator has not previously asked the respondent to perform. *See id*.

Once this predicate is satisfied, the relator must show entitlement to mandamus relief. In a civil case, the relator has the burden to establish that the trial court's act or refusal to act constitutes a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The usual object of a petition for mandamus relief is an order of the trial court or its refusal to act after being asked to do so. *See id*.

## AVAILABILITY OF MANDAMUS

In their petition, Relators make three arguments. First, they contend the trial court lacks subject matter jurisdiction over Shanklin. Specifically, they urge that Shanklin is not the

---

[2] We issued an order staying the hearing pending the determination of this petition for writ of mandamus.

administrator of Lloyd's estate, the trustee of the trust specified in the will, or a beneficiary named in Lloyd's trust. Second, Relators claim that the trial court abused its discretion by compelling answers to discovery and ordering a show cause hearing. According to Relators, their discovery responses were complete when made and they maintain the ability to supplement prior to trial. Third, Relators claim the RPIs' answers to admissions demonstrate that they lack standing.

The mandamus record does not indicate that Relators brought any of these arguments to Respondent's attention prior to filing their petition for writ of mandamus. As stated above, we generally do not issue a writ of mandamus directing an action that the Respondent has not yet been asked to perform. *See **In re Perritt***, 992 S.W.2d at 446; ***In re Mallory***, No. 12-12-00195-CV, 2012 WL 4097307, at *3 (Tex. App.—Tyler Sept. 19, 2012, orig. proceeding) (mem. op.).

The mandamus record includes no references to whether Respondent has subject matter jurisdiction over Shanklin. And while the record does include a copy of RPIs' responses to requests for admissions, Relators fail to show or argue that they brought any lack of standing to Respondent's attention. Although Relators argue that standing and subject matter jurisdiction cannot be waived and may be brought for the first time on appeal, this is a mandamus proceeding and not an appeal. *See **In re Mallory***, 2012 WL 4097307, at *4 (rejecting argument that subject matter jurisdiction could be raised for first time in original proceeding, as such proceeding was not an appeal).

To the extent Relators argue Respondent should not hold a hearing on the motion to show cause, the mandamus record again is devoid of evidence that they presented any such argument to Respondent. They have not presented their arguments regarding compliance with the agreed order granting the motion to compel or regarding objections to the production. *See **In re Rohrich***, No. 05-19-00578-CV, 2019 WL 2171243, at *1 (Tex. App.—Dallas May 20, 2019, orig. proceeding) (mem. op.) (citing ***In re Coppola***, 535 S.W.3d 506, 510 (Tex. 2017) (orig. proceeding). And Relators do not complain about either lack of notice or the sufficiency of the show cause order, matters that would be subject to possible mandamus relief. *See **In re Powers***, No. 01-21-00466-CR, 2022 WL 16640631, at *4-5 (Tex. App.—Houston [1st Dist.] Nov. 3, 2022, orig. proceeding) (mem. op., not designated for publication).

"The extraordinary nature of the mandamus remedy and the requirement that a party seeking mandamus relief exercise diligence both mandate that arguments not presented to the

3

trial court cannot first be considered in an original proceeding seeking mandamus." **In re Floyd**, No. 05-16-00491-CV, 2016 WL 2353874, at *1 (Tex. App.—Dallas May 3, 2016, orig. proceeding) (mem. op.); *see* **In re Abney**, 486 S.W.3d 135, 138 (Tex. App.—Amarillo 2016, orig. proceeding) ("arguments withheld from the trial court will not first be considered in a petition for writ of mandamus"). Relators were required to first challenge in the trial court all the complaints they now present before seeking relief in this Court and because they failed to do so, their complaints are not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *see also* **In re Volt Power, LLC**, No. 12-23-00047-CV, 2023 WL 2804430, at *5 (Tex. App.—Tyler Apr. 5, 2023, orig. proceeding) (mem. op.); **In re Doyle**, No. 12-19-00317-CV, 2020 WL 219236, at *1 n.3 (Tex. App.—Tyler Jan. 15, 2020, orig. proceeding) (mem. op.) (declining to consider argument raised for the first time in mandamus proceeding). Because Relators did not first apprise Respondent of their complaints, we cannot conclude that Respondent either acted nor refused to act in connection with Relators' complaints. Accordingly, we cannot conclude that Relators established Respondent's abuse of discretion.

## DISPOSITION

Having determined that Relators fail to establish an entitlement to mandamus relief, we *deny* their petition for writ of mandamus. Our stay of May 29, 2024 is *lifted*.

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-24-00152-CV**

**IN RE: DOROTHY M. JOHNSON & MINNIE L. SHANKLIN,**
Relators
V.

**HON. JUDGE CLAY M. WHITE,**
Respondent

---

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Dorothy M. Johnson and Minnie L. Shanklin; who are the relators in appellate cause number 12-24-00152-CV and parties to trial court cause number 43596P, pending on the docket of the County Court at Law No. 3 of Smith County, Texas. Said petition for writ of mandamus having been filed herein on May 24, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*