

# NUMBER 13-25-00644-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE ERIC MARQUES

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña, and West
Memorandum Opinion by Chief Justice Tijerina[1]**

Eric Marques has filed a pro se pleading entitled "Unopposed Motion for Immediate Entry of Order Granting Habeas Relief and Directing Expunction (No Opposition by State)" in the above-referenced cause. Although this pleading is unclear, Marques appears to assert that the trial court has failed a ministerial duty to expedite a nonsuit filed by the State of Texas. Marques does not have a pending appeal in this Court and he does

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

not reference a judgment or order that is subject to appeal. Accordingly, we liberally construe this pro se pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.2 (governing the perfection of appeal in criminal cases), 52 (describing the requirements for filing original proceedings); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.").

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). "The petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." TEX. R. APP. P. 52.3(h). Relator's burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo

2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see generally* TEX. R. APP. P. 52.3 (delineating the required form and contents of a petition in an original proceeding); *id.* R. 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the pleading at issue, and having construed it as a petition for writ of mandamus, is of the opinion that Marques has not met his burden to obtain relief. Marques's petition fails to meet the requirements of the Texas Rules of Appellate Procedure, and without argument, authority, or supporting documentation, we cannot ascertain the merits of his request for relief. Accordingly, we deny the petition for writ of mandamus and all relief sought in this cause number.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
10th day of December, 2025.