

# NUMBER 13-26-00165-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MACARIO RINCON

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices Peña, and West
### Memorandum Opinion by Justice West[1]

Macario Rincon has filed a pro se pleading entitled "Relator's Plea for Reduction of [Sentence]" in the above-referenced cause. Rincon generally alleges that he received ineffective assistance of counsel, and he seeks to "reduce the sentence bestowed on him." Rincon does not have a pending appeal in this Court and he does not reference a judgment or order that is subject to appeal. Accordingly, we liberally construe this pro se

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.2 (governing the perfection of appeal in criminal cases), 52 (describing the requirements for filing original proceedings); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.").

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). "The petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." TEX. R. APP. P. 52.3(i). Relator's burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see generally* TEX. R. APP. P.

2

52.3 (delineating the required form and contents of a petition in an original proceeding), R. 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the pleading at issue, and having construed it as a petition for writ of mandamus, is of the opinion that Rincon has not met his burden to obtain relief. Rincon's petition fails to meet the requirements of the Texas Rules of Appellate Procedure, and without argument, authority, or supporting documentation, we cannot ascertain the merits of his request for relief. Accordingly, we deny the petition for writ of mandamus and all relief sought in this cause number.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
19th day of February, 2026.