

# NUMBERS 13-26-00171-CR, 13-26-00172-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MICHAEL ANTHONY MAYES

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Fonseca[1]**

Michael Anthony Mayes filed a pro se pleading in this Court asserting that he is entitled to jail time credit and a judgment nunc pro tunc, and he further requests an examining trial. Because Mayes does not have a pending appeal in this Court, we liberally construe this pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.2 (governing the perfection of appeal in criminal cases), R. 52 (describing the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

requirements for filing original proceedings); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act."). Mayes's complaints arise from trial court cause number 2019-CR-8237-DC in the 24th District Court of Calhoun County, Texas, docketed in our appellate cause number 13-26-00171-CR, and trial court cause number 20FC-3781-A in the 28th District Court of Nueces County, Texas, docketed in our appellate cause number 13-26-00172-CR. We address both causes in a single memorandum opinion in the interests of judicial efficiency and economy.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). "The petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record."

Tex. R. App. P. 52.3(i). Relator's burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see generally* Tex. R. App. P. 52.3 (delineating the required form and contents of a petition in an original proceeding), R. 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the pleading at issue, and having construed it as a petition for writ of mandamus, is of the opinion that Mayes has not met his burden to obtain relief. Mayes's petition fails to meet the requirements of the Texas Rules of Appellate Procedure, and without argument, authority, or supporting documentation, we cannot ascertain the merits of his requests for relief. Accordingly, we deny the petition for writ of mandamus in each of these cause numbers.

YSMAEL D. FONSECA
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed on the
23rd day of February, 2026.

3