

# NUMBER 13-26-00170-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JOHNNY PARTAIN

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Cron[1]**

Johnny Partain, proceeding pro se, has filed a motion seeking review of an order requiring the payment of costs in an eviction proceeding. *See* TEX. R. CIV. P. 145. Partain does not have a pending appeal in this Court and the order complained of was issued by the Honorable Amy Ottina-Tapia, the Justice of the Peace for Precinct 3 in Matagorda County, Texas. Accordingly, we liberally construe Partain's pro se pleading as a petition

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

for writ of mandamus. *See generally* TEX. R. APP. P. 25.2 (governing the perfection of appeal in criminal cases), 52 (describing the requirements for filing original proceedings); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.").

We lack jurisdiction to issue a writ of mandamus against a justice of the peace or justice court unless it is necessary to preserve our jurisdiction. *See* TEX. GOV'T CODE § 22.221(a), (b), (c) (delineating the writ power of the courts of appeals); *In re Sheppard*, No. 03-26-00146-CV, 2026 WL 404672, at *1 (Tex. App.—Austin Feb. 13, 2026, orig. proceeding) (mem. op.); *In re Kelley*, No. 05-26-00176-CV, 2026 WL 402128, at *1 (Tex. App.—Dallas Feb. 12, 2026, orig. proceeding) (mem. op.); *In re Ziankovich*, No. 14-26-00127-CV, 2026 WL 395252, at *1 (Tex. App.—Houston [14th Dist.] Feb. 12, 2026, orig. proceeding) (mem. op.). Partain does not argue or show that a writ of mandamus is necessary to preserve our jurisdiction.

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that we lack jurisdiction over the requested relief. Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction.

JENNY CRON
Justice

Delivered and filed on the
23rd day of February, 2026.

2